UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

1ST GLOBAL CAPITAL LLC

    Plaintiff/Counter-Defendant,

vs.

VOLT ELECTRICAL SYSTEMS LLC. & PAUL
JAMES BOUDREAUX JR, individually.

    Defendants/Counter-Plaintiffs
_____/

## ANSWER AND COUNTERCLAIM

COMES NOW Defendants, VOLT ELECTRICAL LLC ("VOLT") and PAUL JAMES BOUDREAUX JR, by and through their undersigned counsel and hereby responds to Plaintiff's Complaint as follows:

1. Admitted for jurisdiction and venue purposes only.

2. Admitted

3. Admitted.

4. Admitted for jurisdictional venue purposes only.

5. Admitted for jurisdictional purposes only. The remainder of Paragraph 5 is denied. Defendants affirmatively states the instant case is the furthest thing from a simple breach of contract case as alleged by the Plaintiff, 1ST GLOBAL CAPITAL LLC ("GLOBAL"). The contract GLOBAL alleges was breached by the Defendants purports to be a sale of future receivables, but in actuality, is a criminally usurious

loan

6. Denied.

7. Denied.

## COUNT I
### (Breach of Merchant Agreement)

8. Defendants respond as they did in Paragraphs 1-7 respectively.

9. Admitted that Defendant, VOLT ELECTRICAL SYSTEMS LLC (hereinafter "VOLT") entered into an agreement with GLOBAL. It is denied that the agreement involved the purchase and sale of receivables. The agreement is a loan that charges an interest rate which violates Florida's civil and criminal usury laws. The remainder of paragraph 9 is Denied.

10. Denied.

11. Denied.

12. Denied as framed.

13. Defendants affirmatively state that they have no obligation to make payments under an illegal and usurious loan. The remainder of paragraph 13 is Denied.

14. Denied.

## COUNT II
### (Breach of Personal Guaranty)

15. Defendants respond as they did in Paragraphs 1-7 respectively.

16. Denied.

17. The documents speak for itself. The remainder of Paragraph 17 is denied.

18. It is admitted only that defendant PAUL J. BOUDREAUX, JR. is the guarantor of a

loan that charges an effective interest rate in excess of 72%, which violates Florida's civil and criminal usury laws.

19. Denied.

20. Defendants affirmatively state this is action is based upon a usurious loan and no payments are due. The remainder of paragraph 20 is Denied.

21. Defendants affirmatively state that they have no obligation to make payments under an illegal and usurious loan. The remainder of paragraph 21 is Denied.

22. Denied.

23. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

Plaintiff's action is barred as Defendants at all times acted in good faith.

### SECOND AFFIRMATIVE DEFENSE:

Plaintiff waived any claims it might otherwise have against Defendants.

### THIRD AFFIRMATIVE DEFENSE:

Plaintiff's action is barred due to its failure to comply with conditions precedent.

### FOURTH AFFIRMATIVE DEFENSE:

Plaintiff's action fails to state a valid cause of action.

### FIFTH AFFIRMATIVE DEFENSE:

Plaintiff's action is barred based on the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiff's action is barred based on the doctrine of unconscionability.

### SEVENTH AFFIRMATIVE DEFENSE:

Plaintiff's action is barred based on estoppel.

### EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff's action is barred due to the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE:

Plaintiff's claim is barred as it is contrary to public policy.

### TENTH AFFIRMATIVE DEFENSE:

Plaintiff's claim is barred insofar as it arises out of an illegal contract.

### ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff's claim is barred and/or limited due based on usury and/or Plaintiff charging higher interest rates than the law allows.

### TWELFTH AFFIRMATIVE DEFENSE:

Plaintiff's claim is barred on the basis of fraud, misrepresentation and negligence.

### COUNTERCLAIMS AND DEMAND FOR A TRIAL BY JURY

Counterclaim Plaintiffs VOLT and Paul J. Boudreaux, Jr. (collectively "VOLT"), by and through their undersigned attorneys, and for their counterclaim and demand for a trial by jury, state as follows:

### THE PARTIES

1. Counterclaim Plaintiff VOLT ELECTRICAL SYSTEMS LLC is owned and operated by PAUL JAMES BOUDREAZ, a resident and citizen of Texas.

2. VOLT ELECTRICAL SYTEMS LLC is a Texas Limited Liability Company that provides electrical services to businesses, general contractors and institutional entities and is located at 3321 S. Jones St., Fort Worth, Texas 76110 with its principal place of business in Fort Worth, Texas.

3. All members of VOLT ELECTRICAL SYTEMS LLC are residents and citizens of Texas.

4. Counterclaim Defendant GLOBAL is a Florida Limited Liability Company with its principal place of business in Hallendale Beach, Florida.

5. All members of GLOBAL are residents and citizens of Florida.

## JURISDICTION AND VENUE

6. Counterclaim Defendant GLOBAL has consented to the personal jurisdiction of this Court by bringing an action against VOLT in the Seventeenth Judicial Circuit, Broward County Florida as a resident of Florida against VOLT, claiming damages of $248,000.00.

7. Counterclaim Defendant and all of its members are residents and citizens of Florida

8. Counterclaim Plaintiffs and all of its members are residents and citizens of Texas.

9. As such this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

10. Venue is proper as this case is being removed from the Seventeenth Judicial Circuit, Broward County, Florida.

## FACTUAL BACKGROUND

11. On December 19, 2016, VOLT entered into an agreement with GLOBAL to borrow money (hereinafter referred to as the "Loan Agreement") which is attached hereto as **Exhibit "A."**

12. Pursuant to the Loan Agreement GLOBAL loaned VOLT $250,000.00.

13. VOLT was required to repay GLOBAL a "Specified Amount" of $347,500.00 by making <u>daily</u> payments of $1,775.05 until $347.500.00 was paid.

14. In an effort to disguise the criminally usurious nature of its loans, GLOBAL used an instrument that purports to be a "Purchase Agreement."

15. The Loan Agreement (which is an unconscionable contract of adhesion), however, lacks all of the hallmarks of a true "Purchase Agreement."

16. The Loan Agreement is, in truth, a collateralized loan provided at an illegally high and unconscionable interest rate.

17. The Loan Agreement purports to purchase future receivables at an unspecified discount.

18. While the Loan Agreement gives the illusion that the repayment term is directly tied to some undisclosed percentage of VOLT's future receivables, the agreement actually fixes a daily repayment amount.

19. This stated daily repayment amount is purportedly based on a good-faith estimate of VOLT's daily future receivables, but in reality, it is a complete fiction intended to avoid the usury laws.

20. A true factoring agreement determines the fair market value of the receivable based on the credit worthiness of the customer who is expected to pay that receivable, not the merchant that sells it.

21. GLOBAL and VOLT never negotiated or agreed upon a certain fair market value of the receivables purchased.

22. The "Specified Amount" was unilaterally dictated by GLOBAL based on the interest rate to be charged, not on any actual value of receivables.

23. A true purchase agreement requires the purchaser to bear the risk of non-payment associated with the purchase of the receivables.

24. However, under the Loan Agreement, the daily specified payment is not conditioned upon VOLT's receipt of future receivables.

25. In fact, VOLT is unconditionally obligated to make the daily payment of $1,755.05, and the failure to make any required payment constitutes a material breach under the Loan Agreement, entitling GLOBAL to terminate the agreement and seek recourse under the security agreement and/or personal guarantee executed by Paul Boudreaux, Jr.

26. In fact, the Loan Agreement guarantees payment to GLOBAL even if VOLT ELECTRICAL SYSTEMS LLC has no receivables and is unable to pay its debt.

27. GLOBAL even has recourse against VOLT in the event of VOLT's bankruptcy.

28. VOLT, therefore, bears every conceivable risk associated with the "purchased receivables," thereby making the agreement a loan, not a sale of future receivables.

29. The Loan Agreement is usurious as the effective interest rate is in excess of 72%.

## COUNT I
### (Declaratory Judgment)

30. Counterclaim Plaintiffs repeat and re-allege the allegations of each of the foregoing paragraphs 1 through 29 of this Counterclaim as if fully set forth herein Counterclaim.

31. Defendant has knowingly and intentionally violated Florida Statutes §687.03 and §687.071 by charging interest in excess of 25 % maximum interest rate permitted under the criminal laws of this State.

32. A violation of Florida's criminal usury law when interest over 45% is charged as in the instant case is not a minor infraction; it is a felony in the third degree.

33. Usury statutes are designed to protect victims from loansharking.

34. The agreement entered into between VOLT and GLOBAL sets forth a collateralized loan transaction.

35. The effective interest rate under the Loan Agreement is at least 72%.

36. Because the agreement is a criminally usurious loan in violation of Florida Law, the transaction, including all related instruments, are therefore unenforceable as a matter of law.

37. As a result of the foregoing Counterclaim Plaintiffs are entitled to a Declaratory Judgment in their favor pursuant to Florida Status §86.011.

WHEREFORE, Counterclaim Plaintiffs seek an order from this Court:

a) Declaring the Loan Agreement void *ab initio* as criminally usurious and, therefore, Counterclaim Defendant is precluded from recovering any remaining installments due under the Loan Agreement and must repay all payments made to date and that all documents and collateral be cancelled and surrendered; and

b) Granting such other and further relief as this Court deems just and proper.

## COUNT II
### (Usury)

38. Counterclaim Plaintiffs repeat and re-allege the allegations of each of the foregoing paragraphs 1 through 29 of this Counterclaim as if fully set forth herein Counterclaim.

39. The effective interest rate of the Loan Agreement is in excess of 18% and is therefore in violation of Florida Statutes § 687.03, which restricts interest on a loan, such as the loan in the instant case to 18% per year.

40. The Defendant had a corrupt intent to take more than the legally allowed maximum rate for the money loaned. The Defendant did willfully and knowingly charge excessive interest rates, and take and receive said excess interest.

41. That as specifically set forth herein the effective rate of interest on the Loan Agreement is in excess of 18% per year, in violation of Florida § 687.03 and therefore, pursuant to Florida Statute § 687.04 Counterclaim Plaintiffs are entitled to double the amount of interest taken, expected and/or paid.

42. Prior to the institution of this Counterclaim all conditions precedent by Florida Statute § 687.04 have been met.

43. The Counterclaim Plaintiffs have retained the undersigned attorney to pursue this action and has agreed to pay a reasonable fee for services and they are entitled to an award of a reasonable attorneys' fee under Florida Statutes § 687.06 and § 687.04.

    WHEREFORE, Counterclaim Plaintiffs respectfully demand a determination by this Court that the contract attached to the Counterclaim Defendant's Complaint is usurious and that it award Counterclaim Plaintiffs damages in double the amount of the interest paid and/or exacted together with reasonable attorneys' fees and whatever other relief this Court deems just and proper under the circumstances.

## COUNT III
### (Criminal Usury)

44. Counterclaim Plaintiffs repeat and re-allege the allegations of each of the foregoing paragraphs 1 through 29 of this Counterclaim as if fully set forth herein Counterclaim.

45. The effective rate of interest was in excess of 25% pursuant to § 687.071, Criminal usury, loan sharking, which states that 25% annual interest up to 45% annual interest is a criminal act and a misdemeanor of the second degree, and any interest charged over 45% per annum is a felony in the third degree.

46. Based up the Loan Agreement the effective interest is in excess of 72%.

47. GLOBAL had a corrupt intent to take more than the legally allowed rate for the money loaned. GLOBAL willfully and knowingly charged excessive interest rates, and did take and receive said excess interest.

48. GLOBAL committed Criminal Usury it must forfeit all payments made by VOLT under the Loan Agreement and it must forfeit all principal and interest under the Loan Agreement.

49. Counterclaim Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay reasonable fees and costs for their services and are entitled to an award of fees and costs under § 687.06 and § 687.04.

WHEREFORE, Counterclaim Plaintiffs respectfully demand a determination by this Court that the contract attached to the Counterclaim Defendant's Complaint is Criminally Usurious and that it award Counterclaim Plaintiffs damages, including all payments made, double the amount of the interest paid and/or exacted together with reasonable attorneys' fees and whatever other relief this Court deems just and proper under the circumstances.

## COUNT IV
### (Deceptive and Unfair Trade Practices)

50. Counterclaim Plaintiffs repeat and re-allege the allegations of each of the foregoing paragraphs 1 through 22 of this Counterclaim as if fully set forth herein Counterclaim.

51. This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

52. This action is based upon GLOBAL's violation of Florida Statutes §501.201 et seq., and more commonly referred to as the Florida Deceptive and Unfair Trade Practices Act (hereinafter FDUTPA).

53. Counterclaim Plaintiffs are "consumers" as defined by FDUTPA

54. GLOBAL is engaged in trade or commerce as defined by FDUTPA.

55. The Loan Agreement involved things of value as defined by FDUTPA.

56. GLOBAL willfully and intentionally and willfully committed Civil and Criminal Usury in violation of Florida law.

57. The manner in which the Loan Agreement was procured by GLOBAL was unfair and deceptive.

58. Further, the terms and conditions of the Loan Agreement are unconscionable.

59. The concept of unfair and deceptive trade practices under FDUTPA are quite broad and the criminally usurious Loan Agreement is clearly unfair and deceptive under FDUTPA.

60. As a direct result of GLOBAL's deceptive trade practices and acts, Counterclaim Plaintiffs have sustained and incurred damages. The nature and extent of Plaintiff's

damages include but are not limited to all payments wrongfully taken by GLOBAL pursuant to the illegal and usurious Loan Agreement.

61. Counterclaim Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay reasonable fees and costs for their services and are entitled to an award of fees and costs under §501.2105.

WHEREFORE, Counterclaim Plaintiffs, demands judgment for damages against Counterclaim Defendant, along with interest, costs and attorney's fees.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs, hereby request Trial by Jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __17__ day of July, 2017, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF System which will send a notice of electronic filing to: Steven Zakharyayev, Steven@1stglobalcapital.com, 1250 E. Hallandale Beach Blvd., Suite 409, Hallandale Beach FL, 33009.

KEERSTEN HESKIN MARTINEZ
Florida Bar No. 77021
AVERY F. DAWKINS
Florida Bar No. 104976
The Heskin Martinez Law Group
800 N. Magnolia Avenue, Suite 1500
Orlando, Florida 32803
Phone: (407) 403-5990
Primary Email: mail@heskinmartinezlaw.com
Secondary Email: office@heskinmartinezlaw.com
Attorneys for Respondent/Husband